# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 23-974V

* * * * * * * * * * * * * * * * * * * * * *
|  |  |
|---|---|
| NICOLE SCAMMELL<br>*on behalf of V.S.*,<br><br>           Petitioner,<br><br>       v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>           Respondent. | Chief Special Master Corcoran<br><br>Filed: March 27, 2024 |

* * * * * * * * * * * * * * * * * * * * * * *

*Nicole Scammell,* pro se petitioner.

*Mary Holmes,* U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING CASE[1]

On June 26, 2023, *pro se* Petitioner Nicole Scammell filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Program").[2] Petition (ECF No. 1) at 1. Petitioner alleged that her minor daughter, V.S., experienced cerebellar ataxia after receipt of a varicella vaccine on May 19, 2020. *Id.*

Respondent has moved to dismiss the claim, arguing that it is untimely. See Respondent's Brief, dated February 12, 2024 (ECF No. 77) ("Br."). In particular, Respondent agrees that V.S. received the vaccination alleged on May 19, 2020, but observes that record evidence reveals that she experienced a fever the day after, and then began manifesting initial symptoms of her ataxia

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

that same month. Br. at 2–3. As a result, the claim accrued in late May 2020—meaning (under the Vaccine Act's 36-month limitations period) it should have been filed weeks before June 26, 2023. Section 16(a)(2). Accordingly, the claim appears untimely.

In reaction, Petitioner acknowledges that V.S. was in fact diagnosed with cerebellar ataxia in later May 2020, but notes that she attempted to file this claim as soon as she learned of the Vaccine Program. *See* Petitioner's Opposition, dated March 5, 2024 (ECF No. 19) ("Opp."). She also argues that the filing occurred in the midst of the COVID-19 Pandemic, and that New York State tolled certain limitations periods at this time (suggesting that her claim, if similarly tolled, would have been timely). Otherwise, Petitioner discusses the anguish of having to care for her daughter during her illness, and stresses that her efforts to pinpoint a potential vaccine cause did not reflect anti-vaccine sentiment. Opp. at 1–2. (She also suggests that V.S. has to some extent recovered from this purported vaccine adverse event. *Id.* at 2).

The Vaccine Act's statute of limitations runs from the first manifestation of an objectively-cognizable symptom, whether or not that symptom is enough of a basis to diagnose an injured party with a specific illness or condition. *Carson v. Sec'y of Health & Human Servs.*, 727 F.3d 1365, 1369 (Fed. Cir. 2013). Cases can be dismissed for failure to file before the limitations cut-off – even by a day or two. *See, e.g.*, *Spohn v. Sec'y of Health & Human Servs.*, No. 95-0460V, 1996 WL 532610 (Fed. Cl. Spec. Mstr. Sept. 5, 1996) (dismissing case filed one day beyond thirty-six-month limitations period), *mot. for review denied, slip. op.* (Fed. Cl. Jan. 10, 1997), *aff'd*, 132 F.3d 52 (Fed. Cir. 1997). And the Act does not have a "discovery rule," under which claimants' time to file runs from when they first learn of the possibility of a Vaccine Program claim. *Cloer v. Sec'y of Health & Human Servs.*, 654 F.3d 1322, 1339 (Fed Cir. 2011).

The Federal Circuit has held that the doctrine of equitable tolling can apply to Vaccine Act claims. *Cloer*, 654 F.3d at 1340–41. However, in keeping with applicable U.S. Supreme Court precedent, equitable tolling of a limitations period is to be permitted "sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Although fraud or duress were initially deemed bases for tolling, since *Cloer* the doctrine has been somewhat enlarged, and now also allows tolling for demonstrated mental incapacity. *K.G. v. Sec'y of Health & Hum. Servs.*, 951 F.3d 1374, 1380–82 (Fed. Cir. 2020).

Here, it is evident that Petitioner's claim was filed nearly a month after the tolling of the Act's three-year limitations period, since the record preponderantly supports the conclusion that (a) V.S.'s symptoms manifested within a few days of the May 19, 2020 vaccination, and (b) she was diagnosed with cerebellar ataxia that same month. Moreover, Petitioner has not made out any circumstances for equitable tolling consistent with what the Federal Circuit has previously recognized. The fact that state law relevant to different causes of action was modified during the Pandemic does not impact the manner in which the Act's limitations period is construed. And

while it may be literally true that Petitioner was unaware of the availability of a Vaccine Act claim before June 2023, that fact does not excuse the late filing.

Accordingly, I am compelled to dismiss this claim—although I do not personally fault Petitioner for a lack of diligence. On the contrary, it appears Ms. Scammell acted quickly once she was aware of the Program. And the record also reveals she at all times endeavored to assist her daughter in the ways a loving and responsible parent would. Petitioner is to be commended for her efforts, both for the care she has provided V.S., and also for the professional manner in which she represented her daughter in this proceeding.

## Conclusion

As discussed above, because this matter is untimely, it is hereby **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court SHALL ENTER JUDGMENT in accordance with the terms of this Decision.[3]

**IT IS SO ORDERED.**

Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.